Joshua H. Haffner, SBN 188652
(jhh@haffnerlawyers.com)
Graham G. Lambert, Esq. SBN 303056
gl@haffnerlawyers.com
**HAFFNER LAW PC**
445 South Figueroa Street, Suite 2325
Los Angeles, California 90071
Telephone: (213) 514-5681
Facsimile: (213) 514-5682

Paul Stevens, SBN: 207107
(pstevens@stevenslc.com)
**STEVENS, L.C.**
700 S. Flower Street, Suite 660
Los Angeles, California 90071
Telephone: (213) 270-1211
Facsimile: (213) 270-1223

Attorneys for Plaintiff James Loud,
and all others similarly situated

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES LOUD, an individual, on behalf of himself and all others similarly situated,<br><br>                    Plaintiff,<br><br>     v.<br><br>U.S. BANK NATIONAL ASSOCIATION; and DOES 1 through 10, inclusive,<br><br>                    Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT FOR:**<br>1. **FAILURE TO PAY REST BREAKS;**<br>2. **FAILURE TO PAY MINIMUM WAGES**<br>3. **FAILURE TO PAY OVERTIME WAGES;**<br>4. **FAILURE TO FURNISH TIMELY AND ACCURATE WAGE STATEMENTS;**<br>5. **FAILURE TO PAY ALL WAGES UPON SEPARATION; and**<br>6. **VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION ACT,** *BUS. & PROF. CODE* §17200, *et seq.*<br><br>**DEMAND FOR JURY TRIAL** |

**CLASS ACTION COMPLAINT**

Plaintiff James Loud ("Plaintiff") is informed and believe, and on that basis allege, as follows:

## NATURE OF THE ACTION

1. This is a California state-wide class action for wage and labor violations arising out of, among other things, Defendant U.S. National Bank Association's ("Defendant") failure to compensate their mortgage and/or loan origination sales force in compliance with California law. As more fully described herein, Defendant instituted an unlawful pay plan whereby it advanced pay against commission, but clawed the advance back from the commissions. Defendant failed and continues to fail to separately compensate Plaintiff or class members for rest breaks, and fails to pay minimum and overtime wages as required, and engages in other Labor Code violations.

2. Plaintiff seeks among other things, all wages, restitutionary disgorgement, and statutory penalties. Plaintiff seeks to represent the following Class:

> All current or former California residents who worked for Defendant selling or originating mortgages at any time beginning four (4) years prior to the filing of the Complaint through the date notice is mailed to the Class.

## PARTIES

3. Plaintiff James Loud was, at all relevant times, a resident and citizen of the State of California. Plaintiff Loud was employed by Defendant as a mortgage broker or loan originator in Orange County, State of California, during the Class period as alleged herein.

4. Defendant U.S. National Bank Association is authorized to and is actually conducting business in California, and is a citizen of Ohio.

5. Plaintiffs are currently ignorant of the true names and capacities, whether individual, corporate, associate, or otherwise, of the Defendants sued

herein under the fictitious names Does 1 through 10, inclusive, and therefore sue such Defendants by such fictitious names. Plaintiff will seek leave to amend this complaint to allege the true names and capacities of said fictitiously named Defendants when their true names and capacities have been ascertained. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named Defendants is legally responsible in some manner for the events and occurrences alleged herein, and for the damages suffered by the Class.

6. Plaintiffs are informed and believe and thereon allege that all Defendants, including the fictitious Doe Defendants, were at all relevant times acting as actual agents, conspirators, ostensible agents, alter egos, partners and/or joint venturers and/or employees of all other Defendants, and that all acts alleged herein occurred within the course and scope of said agency, employment, partnership, and joint venture, conspiracy or enterprise, and with the express and/or implied permission, knowledge, consent authorization and ratification of their co-Defendant; however, each of these allegations are deemed "alternative" theories whenever not doing so would result in a contradiction with other allegations.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over the entire action by virtue of the fact that this is a civil action wherein the matter in controversy, exclusive of interest and costs, exceeds the jurisdictional minimum of the Court. The acts and omissions complained of in this action took place in part in the State of California. At least one Defendant is a citizen of a state outside of California, and federal diversity jurisdiction exists and/or jurisdiction under the Class Action Fairness Act ("CAFA"). The class amount at issue exceeds $5,000,000 and the jurisdictional minimum of this Court under CAFA. Venue is proper because this is a class action, the acts and/or omissions complained of took place, in whole or in part within the venue of this Court.

## FACTUAL ALLEGATIONS

8. Defendant is national bank with operations throughout California. Plaintiff and the Class worked as mortgage brokers or loan originators for Defendant selling mortgages. Plaintiff was employed as a mortgage broker and/or loan originator by Defendant, and was employed from approximately May 2015 to March 2018.

9. Defendant paid Plaintiff and Class members based on a sales commission. Defendant paid Plaintiff and the Class members advances on commissions at a base rate, but then clawed back the advances from the commissions. Defendant's pay plan applicable to Class members explicitly referred to the advances on commissions as a "recoverable draw."

10. At all times during the liability period, Defendant failed to separately pay Plaintiff and Class members for rest breaks.

11. Plaintiff and class members were not compensated for all hours worked, including but not limited to, time spent for mandatory meeting, attending events, and other non-sales activities. In addition, Defendant's had a policy of not paying Plaintiff and Class members any commission or other compensation for certain loans where Defendant gave pricing concessions to a customer. Specifically, Defendant's policy provided as follows: Class members "will not be paid on any loan with a cumulative pricing concession equal to or exceeding .75 pt." The failure to pay Plaintiff for all hours worked violates California's minimum wage requirements.

12. When Class members worked shifts over eight (8) hours per day, or over forty (40) hours per week, Defendant did not pay them overtime in accordance with applicable law. Plaintiff regularly worked over 8 hours per day or 45 hours per week including, but not limited to, during the pay period from December 10, 2017 to December 23, 2017. Under its commission-based plan, Defendant failed to pay Plaintiffs and class members overtime. Among other

things, Defendant deducted or clawed back on-the-clock overtime payments, or some portion of them, from Class members' commissions. Defendant also had Plaintiff and Class members work overtime off-the clock. Plaintiff is further informed and believes, and on that basis alleges, that Defendant failed to pay Plaintiff and class members overtime at their regular rate of pay, violating California overtime laws.

13. Defendant's conduct, as alleged herein, has caused Plaintiff and Class members damages including, but not limited to, loss of wages and compensation. Defendant is liable to Plaintiff and the Class for failing to pay overtime wages, failing to separately pay class members for rest breaks, failure to issue accurate wage statements, failure to pay all wages owed upon termination, and unfair competition.

14. Plaintiff is a member of and seeks to be the representative for the Class of similarly situated employees who all have been exposed to, have suffered, and/or were permitted to work under, Defendant's unlawful employment practices as alleged herein.

## CLASS DEFINITIONS AND CLASS ALLEGATIONS

15. Plaintiff brings this action on behalf of themselves, and on behalf of all others similarly situated, and as a member of the Class defined as follows:

> All current or former California residents who worked for Defendant selling or originating mortgages at any time beginning four (4) years prior to the filing of the Complaint through the date notice is mailed to the Class.

16. Plaintiff reserves the right to amend or otherwise alter the class definition presented to the Court at the appropriate time, or to propose or eliminate sub-classes, in response to facts learned through discovery, legal arguments advanced by Defendant or otherwise.

17. This action has been brought and may be properly maintained as a class action pursuant to Federal Rules of Civil Procedure, Rule 23 and other applicable law, as follows:

18. **Numerosity of the Class:** Members of the Class are so numerous that their individual joinder is impracticable. The precise number of Class members and their addresses are known to Plaintiff or will be known to Plaintiff through discovery. Class members may be notified of the pendency of this action by mail, electronic mail, the Internet, or published notice.

19. **Existence of Predominance of Common Questions of Fact and Law:** Common questions of law and fact exist as to all members of the Class. These questions predominate over any questions affecting only individual Class members. These common legal and factual questions include:

   a. Whether Defendant's pay plan of advancing an hourly wage against commissions is akin to an interest free loan against the commission;

   b. Whether Plaintiff and each member of the Class were not paid minimum wage for each hour worked or part thereof during which they were required to perform acts at the direction and for the benefit of Defendant;

   c. Whether Plaintiff and each member of the Class were not paid minimum wage for certain loans where Defendant agreed to a pricing concession equal to or exceeding $3/4^{th}$ a point.

   d. Whether Plaintiff and each member of the Class were not paid minimum wage for non-sales time worked during the Class period;

   e. Whether Defendants failed to pay Plaintiff and Class members for overtime because, among other things, they clawed back or subtracted the overtime pay from Class members' commissions.

   f. Whether Defendants failed to pay Plaintiff and Class members for overtime in compliance with California law because they did not pay based on Plaintiff and Class members regular rate of compensation.

  g. Whether Defendant issued inaccurate wage statements.

  h. Whether Defendant failed to pay all wages due on separation.

  i. Whether Defendants engaged in an unfair business practice in violation of Business & Professions Code §17200, et seq., based on the labor practices and Labor Code violations alleged herein.

  j. The nature and extent of class-wide injury and the measure of damages for the injury.

20. **Typicality**: Plaintiff's claims are typical of the claims of the members of the Class they represent because Plaintiff was exposed and subjected to the same unlawful business practices employed by Defendant during the liability period. Plaintiff and the members of the class they represent sustained the same types of damages and losses.

21. **Adequacy:** Plaintiff is an adequate representative of the Class he seeks to represent because his interests do not conflict with the interests of the members of the Class Plaintiff seeks to represent. Plaintiff has retained counsel competent and experienced in complex class action litigation and Plaintiff intends to prosecute this action vigorously. The interests of members of each Class will be fairly and adequately protected by Plaintiff and their counsel.

22. **Superiority and Substantial Benefit:** The class action is superior to other available means for the fair and efficient adjudication of Plaintiff and the Class members' claims. The violations of law were committed by Defendant in a uniform manner and class members were exposed to the same unlawful practices. The damages suffered by each individual Class member may be limited. Damages of such magnitude are small given the burden and expense of individual prosecution of the complex and extensive litigation necessitated by Defendant's conduct. Further, it would be virtually impossible for the Class members to redress the wrongs done to them on an individual basis. Even if members of the Class themselves could afford such individual litigation, the court system could not.

Individualized litigation increases the delay and expense to all parties and the court system, due to the complex legal and factual issues of the case. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

23. The Class should also be certified because:

a. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual Class members which would establish incompatible standards of conduct for Defendant;

b. The prosecution of separate actions by individual members of the Class would create a risk of adjudication with respect to them, which would, as a practical matter, be dispositive of the interests of the other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and

c. Defendant has acted or refused to act on grounds generally applicable to the Class, and/or the general public, thereby making appropriate final and injunctive relief with respect to the Classes as a whole.

**FIRST CAUSE OF ACTION**
**UNLAWFUL FAILURE TO PAY REST PERIODS**
(For Violation of Labor Code §§ 226.7, 512, and 1194; IWC Order No. 4-2001, §12)

24. Plaintiff, on behalf of himself and the Class, re-alleges and incorporates all preceding paragraphs as if fully set forth herein.

25. California Labor Code § 226.7(a) provides, "No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission."

26. IWC Order No.4-2001(12)(A) provides, in relevant part: "Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work times is less than three and one-half hours. Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages."

27. IWC Order No. 4-2001 (12)(B) further provides, "If an employer fails to provide an employee with a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided."

28. As alleged herein, Defendant paid Plaintiff and class members based on a commission, and did not separately compensate them for rest breaks.

29. By its actions, Defendant violated § 12 of IWC Wage Order No. 4-2001 and California Labor Code § 226.7, and are liable to Plaintiff and the Class.

30. Defendant's unlawful conduct alleged herein occurred in the course of employment of Plaintiffs and all others similarly situated and such conduct has continued through the filing of this complaint.

31. As a direct and proximate result of Defendant's unlawful action, Plaintiff and the Class have been deprived of timely rest periods and/or were not paid for rest periods taking, and are entitled to recovery under Labor Code § 226.7(b) in the amount of one additional hour of pay at the employee's regular rate of compensation for each work period during each day in which Defendant failed to provide employees with timely and/or paid rest periods.

# SECOND CAUSE OF ACTION
## FAILURE TO PAY MINIMUM WAGES
(For Violation of Labor Code §§ 510, 1194, 1194.2, 1197; IWC Order No. 4-2001, §4)

32. Plaintiff, on behalf of himself and the Class, re-alleges and incorporates all preceding paragraphs as if fully set forth herein.

33. Labor Code §1197 provides: "The minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than the minimum so fixed is unlawful."

34. Labor Code § 1194, subdivision (a) provides: "Notwithstanding any agreement to work for a lesser wage, an employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit."

35. Labor Code § 1194.2 provides in relevant part: "In any action under Section 1193.6 or Section 1194 to recover wages because of the payment of a wage less than the minimum wage fixed by an order of the commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon."

36. Pursuant to IWC Wage Order No. 4-2001, at all times material hereto, "hours worked" includes "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, where or not required to do so."

37. Plaintiff and Class members were required to work time other than selling or originating mortgages, for which they were not compensated, in violation of California's minimum wage laws. This includes, but is not limited to, time spent for mandatory meetings, loan processing, and attending events. Plaintiffs' commission-based pay failed to compensate Plaintiff and Class

members at the applicable minimum wage for all the hours worked because it did not pay for non-sales activities. Defendant also did not pay Plaintiff and Class members any commission or other compensation for certain loans where Defendant gave pricing concessions to a customer, as alleged herein.

38. At all times relevant during the liability period, under the provisions of Wage Order No. 4-2001, Plaintiff and each Class member should have received not less than the minimum wage in a sum according to proof for the time worked, but not compensated.

39. For all hours that Plaintiff and the Class members worked, they are entitled to not less than the California minimum wage and, pursuant to Labor Code § 1194.2(a) liquidated damages in an amount equal to the unpaid minimum wages and interest thereon. Pursuant to Labor Code § 1194, Plaintiffs and the Class members are also entitled to their attorneys' fees, costs and interest according to proof.

40. At all times relevant during the liability period, Defendant willfully failed and refused, and continues to willfully fail and refuse, to pay Plaintiffs and Class members the amounts owed.

41. Defendant's unlawful conduct alleged herein occurred in the course of employment of Plaintiffs and all other similarly situated employees of Defendant, and Defendant has done so continuously throughout the filing of this complaint.

42. As a direct and proximate result of Defendant's violation of Labor Code §§ 510 and 1197, Plaintiff and other Class members have suffered irreparable harm and money damages entitling them to damages, injunctive relief or restitution. Plaintiff, on behalf of themselves and on behalf of the Class, seeks damages and all other relief allowable including all wages due, attorneys' fees, liquidated damages, prejudgment interest, and as to those employees no longer employed by Defendant, waiting time penalties pursuant to Labor Code § 200 *et seq.*

43. Plaintiff and the Class members are entitled to back pay, pre-judgment interest, liquidated damages, statutory penalties, attorneys' fees and costs, and for Plaintiff and the Class of members no longer employed, waiting time penalties pursuant to Labor Code § 1194.

### THIRD CAUSE OF ACTION
### FAILURE TO PAY ALL OVERTIME WAGES
(For Violation of *Labor Code* §§ 510 and 1194; IWC Order No. 4-2001, § 3 )

44. Plaintiff, on behalf of himself and the Class, re-alleges and incorporates all preceding paragraphs as if fully set forth herein.

45. California *Labor Code* §510 provides that, "Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee…."

46. Section 3(a)(1) of Wage Order No. 4-2001 also mandates that employers pay one and one-half times the employees' regular rate of pay for employees who work more than eight (8) hours in a day or forty (40) hours in a week, and two times their regular rate of pay for any work in excess of twelve (12) hours in one day.

47. At all times relevant hereto, Plaintiff and members of the Class were non-exempt for purposes of the overtime requirements set forth in the Labor Code and Wage Order No. 4-2001. During the relevant period, Plaintiff and other members of the Class consistently worked over 50 hours per week. Defendant failed to pay Plaintiff and the Class overtime as required by California Law because under its commission plan, it clawed back overtime payments. Alternatively and additionally, Defendant failed to pay Plaintiff and class

members overtime at their regular rate of compensation.

48. Plaintiff and the Class seek to recover unpaid overtime and double-time compensation, pursuant to this cause of action, in an amount to be determined at trial.

### FOURTH CAUSE OF ACTION
### FAILURE TO FURNISH TIMELY AND ACCURATE WAGE STATEMENTS
### (For Violation of Labor Code §§226 and 226.3)

49. Plaintiff, on behalf of himself and the Class, re-alleges and incorporates all preceding paragraphs as if fully set forth herein.

50. California Labor Code § 226(a) provides: "Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee…, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee."

51. Labor Code § 226(e) provides that an employee is entitled to recover $50 for the initial pay period in which a violation of § 226 occurs and $100 for each subsequent pay period, as well as an award of costs and reasonable attorneys'

fees, for all pay periods in which the employer knowingly and intentionally failed to provide accurate itemized statements to the employee causing the employee to suffer injury.

52. Plaintiff is informed, believe and thereon alleges that at all times relevant, Defendants knowingly and intentionally failed to furnish and continues to knowingly and intentionally fail to furnish Plaintiff and each Class member with timely and accurate itemized statements showing the gross wages earned by each of them, as required by Labor Code § 226 (a), in that the payments owed to Plaintiff and the members of the Class for unpaid minimum wages, and missed meal and rest periods, were not included in gross wages earned by Plaintiff and the Class.

53. Defendants' failure to provide Plaintiff and members of the Class with accurate itemized wage statements during the Class period has caused Plaintiff and members of the Class to incur economic damages in that they were not aware that they were owed and not paid compensation for missed rest periods and on-duty meal periods, for hours worked without pay, and for overtime worked without pay. In addition, as set forth in Plaintiffs' third cause of action, Defendants provided inaccurate information regarding hours worked, which masked their underpayment of wages to Plaintiff and the Class.

54. As a result of Defendants' issuance of inaccurate itemized wage statements to Plaintiff and members of the Class in violation of Labor Code § 226(a), Plaintiff and the members of the Class are each entitled to recover penalties pursuant to § 226(e) of the Labor Code.

### FIFTH CAUSE OF ACTION
### FAILURE TO PAY ALL WAGES DUE AT SEPARATION
#### (For Violation of Labor Code § 203)

55. Plaintiff, on behalf of himself and the Class, re-alleges and incorporates all preceding paragraphs as if fully set forth herein.

56. California Labor Code §§ 201 and 202 requires Defendant to pay all compensation due and owing to former mortgage salespersons at or around the time employment is terminated. Section 203 of the California Labor Code provides that if an employer willfully fails to pay compensation promptly upon discharge or resignation, as required by §§ 201 and 202, then the employer is liable for penalties in the form of continued compensation up to thirty (30) work days.

57. At all times relevant during the liability period, Plaintiff and the other members of the Class were employees of Defendant covered by Labor Code § 203.

58. Plaintiff and the Class were not paid for their work performed, as alleged herein. Defendant willfully failed to pay Plaintiff and other members of the Class who are no longer employed by Defendant for their uncompensated minimum and overtime wages, and for rest breaks upon their termination or separation from employment with Defendant as required by California Labor Code §§ 201 and 202. As a result, Defendant is liable to Plaintiff and other members of the Sub-Class who are no longer employed by Defendant for waiting time penalties amounting to thirty days wages for Plaintiff and each such Class member pursuant to California Labor Code § 203.

## SIXTH CAUSE OF ACTION
## VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION ACT

59. Plaintiff, on behalf of himself and the Class, re-alleges and incorporates all preceding paragraphs as if fully set forth herein.

60. Section 17200 of the California Business and Professions Code (the "UCL") prohibits any unlawful, unfair, or fraudulent business practices.

61. Through its actions alleged herein, Defendant has engaged in unfair competition within the meaning of the UCL. Defendant's conduct, as alleged herein, constitutes unlawful, unfair, and/or fraudulent business practices under the

UCL.

62. Defendant's unlawful conduct under the UCL includes, but is not limited to, violating the statutes and regulations alleged herein; failure to pay Class members wages and compensation they earned through labor provided; and employees fundamental right to be paid wages in a timely fashion for their work; and failing to otherwise compensate Class members, as alleged herein. Defendant's fraudulent conduct includes, but is not limited to, issuing wage statements containing false and/or misleading information about the time the Class members worked and the amount of wages or compensation due. Defendant's unfair conduct is instituting a pay plan which failed to pay minimum or overtime wages, or compensate for rest breaks.

63. Plaintiffs have standing to assert this claim because they have suffered injury in fact and has lost money as a result of Defendant's conduct.

64. Plaintiff and the Class seek restitutionary disgorgement from Defendant in connection with its unlawful, unfair, and/or fraudulent conduct alleged herein.

## PRAYER

WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated and also on behalf of the general public, pray for judgment against Defendant as follows:

## FIRST CAUSE OF ACTION
## UNLAWFUL FAILURE TO PROVIDE REST PERIODS

A. For one hour of wages due to Plaintiff and each Class member at their regular rate of compensation for rest breaks for which they were not separately compensated;

B. For all wages and penalties under California Labor Code §226.7(c);

CLASS ACTION COMPLAINT

## SECOND CAUSE OF ACTION
## FAILURE TO PAY MINIMUM WAGES

A. All unpaid minimum wages, statutory penalties, and liquidated damages due to Plaintiff and each Class member on their minimum wage claim;

B. General, special and consequential damages, to the extent allowed by law.

## THIRD CAUSE OF ACTION
## FAILURE TO PAY OVERTIME WAGES

A. All unpaid overtime wages, statutory penalties, and liquidated damages due to Plaintiff and each Class member on their overtime wage claim;

B. General, special and consequential damages, to the extent allowed by law.

## FOURTH CAUSE OF ACTION
## FAILURE TO FURNISH TIMELY AND ACCURATE WAGE STATEMENTS

A. For all statutory penalties under Labor Code § 226(e);

B. An order requiring Defendants to comply with Labor Code § 226(a) with respect to all currently employed members of the Class;

## FIFTH CAUSE OF ACTION
## FAILURE TO PAY ALL WAGES DUE AT SEPARATION

A. For continued compensation up thirty (30) work days following termination of employment for Plaintiff Class members no longer employed by Defendant;

B. For all wages and penalties under California Labor Code §203;

## SIXTH CAUSE OF ACTION
## VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION ACT

A. For restitutionary disgorgement of including, but not limited to, all minimum and overtime wages and/or premium wages and/or other benefits or wages Defendant failed to Plaintiffs and the Class pursuant to the UCL.

## FOR ALL CAUSES OF ACTION

A. An order that this action may proceed and be maintained as a class action;

B. Prejudgment interest at the maximum legal rate;

C. Reasonable attorneys' fees;

D. Accounting of Defendant's records for the liability period;

E. Costs of suit; and

F. Such other relief as the Court may deem just and proper.

DATED: July 13, 2018                    HAFFNER LAW PC

                                        By:   /s/ Joshua H. Haffner
                                              Joshua H. Haffner
                                              Attorneys for Plaintiff and others
                                              Similarly Situated

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury for herself and the Class members on all claims so triable.

DATED: July 13, 2018                    HAFFNER LAW PC

                          By:    /s/ Joshua H. Haffner
                                 Joshua H. Haffner
                                 Attorneys for Plaintiff and others
                                 Similarly situated